**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Devin Andrich,<br><br>  Plaintiff,<br><br>v.<br><br>Courtney R. Glynn, et al.,<br><br>  Defendants. | No.  CV 21-00047-TUC-RM<br><br>**ORDER** |

Plaintiff Devin Andrich brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. (*See* Doc. 31.) Pending before the Court are Defendants' Motion for Extension of Time to File Answer (Docs. 53, 56), Plaintiff's Motion to Strike Defendants' Motion for Extension of Time to File Answer (Doc. 55), and Plaintiff's Application for Entry of Default (Doc. 54).

After Plaintiff filed his First Amended Complaint (Doc. 31), Defendants Keith Dusek, Julia Erwin, Courtney Glynn, Brad Keough, Shandan Nettles, Charles Ryan, David Shinn, and Larry Gann filed a timely Motion to Dismiss (Docs. 33, 44), which the Court partially granted and partially denied on February 15, 2022 (Doc. 51).

Defendant Sanders waived service of process (Doc. 41) but did not join the other Defendants' Motion to Dismiss; therefore, his Answer was due within 60 days after Plaintiff sent the request for waiver of service. *See* Fed. R. Civ. P. 12(a)(1)(A)(ii). Defendants Dusek, Erwin, Gann, Glynn, Keough, Nettles, Ryan, and Shinn were required

to file a responsive pleading within 14 days after the Court's resolution of their Motion to Dismiss. *See* Fed. R. Civ. P. 12(a)(4)(A).

In their pending Motion for Extension of Time to File Answer, Defendants Dusek, Erwin, Gann, Glynn, Keough, Nettles, Ryan, and Shinn request a fourteen-day extension of their deadline for filing a responsive pleading. (Doc. 51.) In support of their request, Defendants aver that they substituted counsel on February 24, 2022 and therefore require additional time to review the pleadings and prepare an Answer. (*Id*.) Defendant Sanders joins in the other Defendants' Motion for Extension of Time to File Answer. (Doc. 56.)

Plaintiff moves to strike, or in the alternative, opposes the Motion for Extension of Time. (Doc. 55.) Plaintiff moves to strike the Motion on the basis that the Motion for Extension of Time does not comply with LRCiv 7.3(b), which requires parties moving for an extension of time to state the position of the other party or, if the other party's position is not ascertainable, to include a statement to that effect. *See* LRCiv 7.3(b). In the alternative, Plaintiff opposes the Motion on the grounds that Defendants failed to prepare an Answer during the previous nine months of this litigation and therefore should not be permitted additional time at this juncture. Plaintiff does not address the fact that the Court only recently resolved Defendants' Motion to Dismiss.

"[A] motion to strike may be filed only if it is authorized by statute or rule . . . or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv 7.2(m). Plaintiff does not identify a basis for concluding that a motion for extension of time should be stricken if it violates LRCiv 7.3(b) by not stating the position of the other party or including a statement why the other party's position is not ascertainable. In some circumstances, a violation of LRCiv 7.3(b) may constitute grounds for the denial of a motion for extension of time, but here the violation is harmless because Plaintiff has made his position known. Defendants are warned that they must comply with LRCiv 7.3(b) in the future; however, the court does not find their non-compliance in this instance to justify striking their Motion for Extension of Time. Accordingly, the Motion to Strike will be denied.

- 2 -

1    The Court finds that Defendants' recent substitution of counsel establishes good cause for Defendants' requested extension of the deadline for filing a responsive pleading. Accordingly, the Court will grant Defendants' Motion for Extension of Time, *nunc pro tunc*. The Court notes that Defendant Sanders is requesting significantly more than a fourteen-day extension of time, given that his Answer was due within sixty days after Plaintiff sent a request for waiver of service to him. However, Defendant Sanders' waiver of service indicates he intends to participate in this litigation and defend against it, and it appears that his prior failure to join the other Defendants' Motion to Dismiss was an inadvertent oversight. Accordingly, the Court will grant the Motion for Extension of Time as to all Defendants, including Defendant Sanders.

Plaintiff filed an Application for Entry of Default (Doc. 54) to which Defendants responded (Doc. 57). Plaintiff requests entry of default on the grounds that Defendants did not timely respond to his First Amended Complaint. (Doc. 54.)

The Clerk must enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). After default has been entered by the Clerk, the party may apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2).

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

As discussed above, the Court is granting Defendants' request for an extension of time to file an Answer, *nunc pro tunc*. Given that extension of time, Defendants have not "failed to plead" as contemplated by Rule 55(a). Accordingly, the Application for Default will be denied.

. . . .

**IT IS ORDERED:**

(1) Defendants' Motion for Extension of Time to File Answer (Docs. 53, 56) is **granted**, *nunc pro tunc*. Defendants shall file an Answer to Plaintiff's Amended Complaint within **fourteen (14) days** of the date this Order is issued.

(2) Plaintiff's Motion to Strike (Doc. 55) is **denied**.

(3) Plaintiff's Application for Entry of Default (Doc. 54) is **denied**. The Clerk of Court shall NOT enter default in this matter.

Dated this 14th day of March, 2022.

_____
Honorable Rosemary Márquez
United States District Judge