**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Devin Andrich, | No. CV-21-00047-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Courtney R Glynn, et al., | |
| Defendants. | |

Discovery in this case closed on February 17, 2023. (Doc. 124.) Prior to the close of discovery, Defendants filed a Motion for Protective Orders. (Doc. 99.) On the last day of discovery, Plaintiff filed a Motion to Modify Scheduling Order Deadlines, asking the Court to extend the discovery deadline until 45 days, and the dispositive motion deadline until 75 days, after resolution of Defendants' Motion for Protective Orders. (Doc. 132). The Court granted Defendants' Motion for Protective Orders on March 27, 2023, precluding Plaintiff from deposing Defendants Ryan, Shinn, and Glynn. (Doc. 138.)

For the following reasons, the Court will deny Plaintiff's Motion to Modify Scheduling Order Deadlines to the extent it seeks an extension of the discovery deadline but will partially grant the Motion to the extent it seeks an extension of the dispositive motion deadline.

. . . .

. . . .

### I.     Motion to Modify Scheduling Order Deadlines

In his Motion to Modify Scheduling Order Deadlines, Plaintiff states that he needs additional time to serve supplemental written discovery requests to make up for the precluded depositions of Ryan, Shinn, and Glynn. (Doc. 132 at 3.)[1] He also states that he requires additional time to depose Brad Keogh and Kelly Dudley, and he accuses Defendants of withholding portions of his prison file, refusing to disclose Dudley's current address, and refusing to provide documents memorializing the dates that Plaintiff's individual inmate detention logs were destroyed. (*Id.* at 2-3.)

In opposition, Defendants argue that Plaintiff has not shown good cause to amend the Scheduling Order because he has not been diligent in conducting the discovery that he now seeks and his allegations concerning Defendants' alleged discovery violations are baseless and misleading. (Doc. 133 at 1-2.) Defendants aver that: (1) they produced a copy of Plaintiff's prison file in their First Supplemental Disclosure Statement; (2) they have no obligation to provide Plaintiff with Dudley's address but, solely as a courtesy, they provided Dudley's email address; (3) Plaintiff has had ample time to attempt to depose Dudley; and (4) Defendants responded to Plaintiff's discovery requests concerning his inmate logs, and additional time will not change their responses. (*Id.* at 2-6.) Defendants do not oppose an extension of the dispositive motion deadline. (*Id.* at 1.) Defendants ask that, if the discovery deadline is extended, they be allowed to file a motion seeking to amend their Answer to add affirmative defenses. (*Id.* at 6.)

In reply, Plaintiff disputes the adequacy of Defendants' disclosures and accuses Defendants of intentionally misrepresenting and omitting facts. (Doc. 139.)

### II.    Legal Standard

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard requires a showing that scheduling deadlines "cannot reasonably be met despite the diligence of the party seeking

---

[1] Plaintiff requested additional time to depose Ryan, Shinn, and Glynn in the event the Court denied the Motion for Protective Orders. (*Id.* at 2-3.) As the Court has granted the Motion for Protective Orders, there is no need to extend the discovery deadline to allow the depositions of Ryan, Shinn, and Glynn.

- 2 -

the extension." *Johnson v. Mammoth Recs. Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

### III. Discussion

Plaintiff has not shown good cause to extend the discovery deadline. Plaintiff does not specify what supplemental written discovery requests he seeks to serve on Defendants, nor does he explain what discoverable information he would seek in deposing Keogh and Dudley. Furthermore, Plaintiff has not shown that the discovery deadline could not have been met despite his diligence. In fact, Plaintiff makes no substantive arguments regarding his diligence in conducting discovery. Plaintiff raises disputes regarding Defendants' discovery responses, but such disputes are not properly raised in a motion to amend a scheduling order. Furthermore, Plaintiff fails to explain why he did not raise the disputes prior to the final day of discovery. The Court's Scheduling Order warns the parties that "[d]elay in presenting discovery disputes for resolution is not a basis for extending discovery deadlines." (Doc. 64 at 3.)

Plaintiff's dispute concerning records of the destruction of Plaintiff's individual inmate detention logs could have been raised shortly after November 30, 2022, when Defendants produced Certificates of Records Destruction for the Arizona State Prison Complex-Tucson Rincon and Cimarron Units. (Doc. 133-2 at 26, 31-32.) Plaintiff argues that Defendants should have produced Certificates of Records Destruction for the Alhambra and Complex Detention Units (Doc. 139 at 10), but he fails to explain his delay in bringing this dispute to the Court's attention.

Plaintiff similarly fails to explain his delay in raising his dispute concerning Defendants' alleged failure to disclose Dudley's address. In a June 27, 2022 discovery response, Defendant Sanders averred that he responded to a subpoena from the law firm Slattery Petersen at the direction of his immediate supervisor. (Doc. 133-2 at 3.) Plaintiff waited until October 5, 2022, to request the identity of Sanders' immediate supervisor.

(Doc. 133-2 at 18-19.) Plaintiff does not identify any discovery request that specifically sought Dudley's address,[2] he does not show that Defendants were required to disclose the address under Federal Rule of Civil Procedure 26(a)(1), and he does not explain why he waited until February 17, 2023, to bring this dispute to the Court's attention.

Finally, Plaintiff does not directly address Defendants' contention that they produced in their First Supplemental Disclosure Statement a copy of the prison file that they sent to the law firm Slattery Petersen in response to a subpoena. (*See* Doc. 133 at 2; Doc. 133-1 at 13; Doc. 139 at 2-6.) Defendants sent Plaintiff the First Supplemental Disclosure Statement on July 13, 2022. (Doc. 133-1 at 15.) If Plaintiff had any issues with the documents produced in conjunction with that disclosure statement, he could have raised them much earlier than February 17, 2023.

Because Plaintiff has failed to show that the discovery deadline could not have been met despite his diligence, the Court will deny his Motion to Modify Scheduling Order Deadlines to the extent it seeks an extension of the discovery deadline. The Court will extend the dispositive motion deadline until thirty days from the date this Order is filed.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

---

[2] Plaintiff argues that he sought in an interrogatory the name and contact information of each Arizona Department of Corrections employee who "provided any individual or party" with Plaintiff's prison file. (Doc. 139 at 8.) While the record indicates Dudley directed Sanders to provide Slattery Petersen with the prison file, the record does not indicate that Dudley provided any individual or party with the prison file. Therefore, Plaintiff has not shown that Defendants should have disclosed Dudley's contact information in response to this interrogatory.

**IT IS ORDERED** that the Motion to Modify Scheduling Order Deadlines (Doc. 132) is **granted in part and denied in part**. The Motion is **denied** to the extent that it requests an extension of discovery. The Motion is **partially granted** to the extent that it requests an extension of the dispositive motion deadline. Any dispositive motions shall be filed on or before **May 12, 2023**. The parties shall file a Joint Proposed Pretrial Order within **thirty (30) days** of the Court's resolution of any dispositive motions filed or, if no such motions are filed, on or before **June 12, 2023**.

Dated this 12th day of April, 2023.

_____
Honorable Rosemary Márquez
United States District Judge