**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Devin Andrich,

              Plaintiff,

v.

Courtney R Glynn, et al.,

              Defendants.

No. CV-21-00047-TUC-RM

**ORDER**

On May 12, 2023, Defendants Ryan, Dusek, Erwin, Gann, Glynn, Keogh, Nettles, Sanders, and Shinn filed a Motion to File Motion for Summary Judgment and Statement of Facts Under Seal (Doc. 141), as well as a Motion to Exceed Page Limitation for Motion for Summary Judgment (Doc. 143). Defendants also lodged a proposed Motion for Summary Judgment (Docs. 142, 144) and a proposed Statement of Facts with accompanying exhibits (Docs. 142-1, 142-2, 142-3, 142-4). Plaintiff Devin Andrich moves to strike Defendants' lodged Motion for Summary Judgment and Statement of Facts (Docs. 145, 148), and he also requests an extension of his deadline for responding to the lodged Motion for Summary Judgment (Doc. 154).

## I.     Defendants' Motion to Seal and Plaintiff's First Motion to Strike

Defendants ask to file their Motion for Summary Judgment, Statement of Facts, and supporting exhibits under seal or, alternatively, to publicly file redacted versions of the documents or to file the documents as the Court directs. (Doc. 141.) In support of their Motion, Defendants state that the allegations of Count 6 of Plaintiff's operative First

1    Amended Complaint, as well as information in Counts 3 and 4, relate to a prior case,
2    *Andrich v. Dusek*, No. CV-17-00173-TUC-RM (D. Ariz.) (hereafter, "CV-17-173"), in
3    which certain filings are sealed.   (*Id.* at 1-2; *see also* Doc. 31 at 20-23, 26-28.)
4    Defendants aver that, in order to adequately respond to the allegations of Counts 3, 4, and
5    6, they must reference sealed court filings and information found to be sensitive in CV-
6    17-173.  (Doc. 141 at 2.)

7        Plaintiff states that "[i]t is unlikely that [he] would oppose Defendants' Motion to
8    Seal" (Doc. 145 at 2 n.2), but he moves to strike Defendants' lodged Motion for
9    Summary Judgment and Statement of Facts on the ground that Defendants failed to serve
10   Plaintiff with the lodged documents (*id.* at 1-6).  In response, Defendants aver that they
11   were not aware Plaintiff would not be served with an electronic copy of the lodged
12   documents and that, when they received Plaintiff's Motion to Strike, they promptly
13   served Plaintiff with copies.  (Doc. 149.)  Defendants filed a Notice of Service by Email
14   and U.S. Mail, in which they aver that they served Plaintiff with a copy of the lodged
15   Motion for Summary Judgment and Statement of Facts with accompanying exhibits on
16   May 17, 2023.  (Doc. 146.)  Plaintiff filed a Notice that confirms he received the emailed
17   and paper copies of the Motion for Summary Judgment.  (Doc. 150.)

18       **A. Motion to Strike**

19       "[A] motion to strike may be filed only if it is authorized by statute or rule . . . or if
20   it seeks to strike any part of a filing or submission on the ground that it is prohibited (or
21   not authorized) by a statute, rule, or court order."  LRCiv 7.2(m)(1).  Defendants' Motion
22   for Summary Judgment is authorized by Federal Rule of Civil Procedure 56 and this
23   Court's Scheduling Order.   Furthermore, Plaintiff's concern regarding service of the
24   lodged Motion for Summary Judgment and Statement of Facts has been resolved, as he
25   has now been served with copies of those lodged documents.  (*See* Docs. 146, 149, 150.)
26   Accordingly, Plaintiff's Motion to Strike (Doc. 145) will be denied.  However, the Court
27   instructs Defendants to review Section II(J)(1) of the District of Arizona Electronic Case
28   Filing Administrative Policies and Procedures Manual ("ECF Manual"), which contains

detailed instructions for e-filing documents under seal in non-sealed civil cases.  The ECF Manual specifies that sealed lodged proposed documents will be unavailable for viewing by any attorney or member of the public.  *Id.*  Accordingly, "[c]ounsel must serve copies on opposing counsel by mail."  *Id.*  In the future, Defendants shall promptly serve Plaintiff by mail with copies of any sealed lodged proposed documents.

### B.  Motion to Seal

"A party seeking to seal a judicial record . . . bears the burden of overcoming" a "strong presumption" that exists in favor of public access to records of judicial proceedings.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The public policies supporting the right of access to judicial records apply with greater force to dispositive motions than to non-dispositive materials that are "unrelated, or only tangentially related, to the underlying cause of action."  *Id.* at 1179-80.  "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy."  *Id.* at 1180; *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097-98, 1101 (9th Cir. 2016) (the "compelling reasons" standard applies in full force to dispositive motions and other judicial records that are "more than tangentially related to the merits of a case").  A "substantial probability" that publication of judicial records would endanger a person constitutes a compelling reason sufficient to outweigh the public's interest in disclosure.  *In re Copley Press, Inc.*, 518 F.3d 1022, 1029 (9th Cir. 2008).  However, mere "hypothesis or conjecture" is insufficient.  *Kamakana*, 447 F.3d at 1179.

In CV-17-173, the Court allowed certain documents to be filed under seal due to concerns regarding Plaintiff's safety.  However, the Court publicly filed its Summary Judgment Order after finding that the Order posed "little, if any, risk to Plaintiff's safety."  (Doc. 274 at 3 in CV-17-173.)  After trial, the Court denied a motion to seal the trial transcript and trial exhibits, finding that Plaintiff's concerns regarding threats of harm were "too speculative to outweigh the substantial interest of the public in access to judicial records related directly to the merits" of the case.  (Doc. 457 at 6 in CV-17-173.)

In the present case, the presumption in favor of public access to judicial records applies in full force to Defendants' Motion for Summary Judgment.  Accordingly, the Court declines to allow Defendants' Motion for Summary Judgment, Statement of Facts, and accompanying exhibits to be entirely sealed from the public.  The Court will grant Defendants' Motion to Seal but will also require Defendants to publicly file redacted versions of the Motion for Summary Judgment, Statement of Facts, and accompanying exhibits.  In the publicly filed versions of those documents, Defendants shall redact references to sealed filings and to information that the Court deemed sensitive in CV-17-173.

## II.  Defendants' Motion to Exceed Page Limitation and Plaintiff's Second Motion to Strike

Defendants request leave to exceed the presumptive 17-page limit set forth in LRCiv 7.2(e)(1) and file a 33-page Motion for Summary Judgment.  (Doc. 143.) Defendants aver that additional pages are necessary because they must discuss substantial issues regarding three prior lawsuits in order to address the seven claims that Plaintiff raises in the present case.  (*Id.*)

Plaintiff moves to strike Defendants' lodged Motion for Summary Judgment, arguing that Defendants used spacing substantially smaller than the double-spaced requirement of LRCiv 7.1(b)(1).   (Doc. 148.)  In response, Defendants state that they used the Microsoft Word setting for "exactly 24-point" spacing between lines, which many typographers consider double-spaced and which many law firms use because it ensures that the text aligns with each line of a 28-line pleading paper.  (Doc. 151.) Defendants state that, had they used the double-spaced setting in Microsoft Word, their lodged proposed Motion for Summary Judgment "would have been forty-pages in length including the certificate of service," and "Defendants would have asked the Court for permission[] to file a motion of that length."  (*Id.* at 3.)  In reply, Plaintiff accuses Defendants of intentionally manipulating the spacing of their lodged Motion for

Summary Judgment and of failing to cure the Local Rules violation.  (Docs. 152, 153.)[1]

Local Rule of Civil Procedure 7.1(b)(1) states that all pleadings and other papers shall be "submitted in letter size (8 ½ inch by 11 inches) format," with the "body of all documents . . . typed double-spaced."  The Rule further specifies that the body of the document "shall not exceed 28 lines per page."  LRCiv 7.2(b)(1).  The Rule also sets forth particular requirements for font size and page margins.  *Id.*[2]

Defendants' Motion for Summary Judgment is typed on 28-line pleading paper, with the spacing of the body of the Motion set so that the text aligns with the numbered lines of the pleading paper.  The Court formats its own Orders in a similar manner. Plaintiff's Motion to Strike raises a novel issue: Local Rule of Civil Procedure 7.2(b)(1) calls for double-spaced text and no greater than 28 lines of text per page, but using Microsoft Word's double-spaced setting results in text that is misaligned with 28-line pleading paper.  The Court finds that using "exactly 24-point" spacing between lines sufficiently complies with the spirit of LRCiv 7.2(b)(1) by producing documents that are limited to 28 lines per page.  The practice also results in documents that are cleaner in appearance and easier for the Court to cite, because it results in text that aligns with the numbered lines of 28-line pleading paper.  Furthermore, even if Defendants' Motion for Summary Judgment should be considered 40 pages utilizing Microsoft Word's double-spaced setting, the Court in its discretion finds that Defendants have shown good cause to exceed the presumptive page limit by that amount.  The Court will deny Plaintiff's Motion to Strike and grant Defendants' Motion to Exceed Page Limit.

### III.    Plaintiff's Motion to Extend Response Deadline

Plaintiff asks the Court to extend his deadline for responding to Defendants' Motion for Summary Judgment until 21 to 30 days after the Court rules on his Motion to Strike the lodged Motion for Summary Judgment.  (Doc. 154.)  Defendants declined to respond to Plaintiff's Motion.  (Doc. 155.)

---

[1] Plaintiff filed an identical Reply twice.  (*See* Docs. 152, 153.)
[2] Plaintiff does not challenge the size of the paper, font, or page margins utilized by Defendants in their lodged proposed Motion for Summary Judgment.  (*See* Doc. 148.)

Local Rule of Civil Procedure 56.1(d) provides that a party opposing a motion for summary judgment shall "have thirty (30) days after service within which to serve and file a responsive memorandum in opposition." To the extent this Rule creates ambiguity regarding whether a party must respond to a sealed lodged proposed motion for summary judgment within thirty days after service of the lodged proposed document, the Court will grant Plaintiff's Motion and clarify that Plaintiff's response to Defendants' Motion for Summary Judgment is due within thirty days of service of this Order.

**IV.     Notice—Warning to Plaintiff**

A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case and the party who asked for summary judgment is entitled to judgment as a matter of law, your case will end.

When a party you are suing makes a motion for summary judgment that is properly supported by admissible evidence, you cannot simply rely on what your complaint says to oppose that motion. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or other materials, as provided in Rule 56(c), that contradict the facts shown in Defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Rule 56.1(b) of the Local Rules of Civil Procedure also requires that you include with your response to the Motion for Summary Judgment a separate statement of facts in opposition to the Motion for Summary Judgment:

> (b) Any party opposing a motion for summary judgment must file a statement, separate from that party's memorandum of law, setting forth:
> (1) for each paragraph of the moving party's separate statement of facts, a

correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position [for example, affidavit, deposition, discovery response, etc.] if the fact is disputed; and (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party. Each additional fact must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the fact finds support.

LRCiv 56.1(b).  You must also cite to the specific paragraph in your statement of facts that supports any factual claims you make in your memorandum of law:

(e) Memoranda of law filed in support of or in opposition to a motion for summary judgment, including reply memoranda, must include citations to the specific paragraph in the statement of facts that supports assertions made in the memoranda regarding any material fact upon which the party relies in support of or in opposition to the motion.

LRCiv 56.1(e).

Additionally, Rule 7.2(e) of the Local Rules of Civil Procedure provides:

Unless otherwise permitted by the Court, a motion including its supporting memorandum, and the response including its supporting memorandum, may not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts.

LRCiv 7.2(e).

Finally, Rule 7.2(i) of the Local Rules of Civil Procedure provides:

If a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda, or if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

LRCiv 7.2(i).

You must timely respond to all motions.

Plaintiff is informed that the Court's website provides electronic informational

resources to people proceeding in this Court without an attorney. The website is: azd.uscourts.gov/proceeding-without-attorney

**IT IS ORDERED** that Defendants' Motion to File Motion for Summary Judgment and Statement of Facts Under Seal (Doc. 141) and Motion to Exceed Page Limitation for Motion for Summary Judgment (Doc. 143) are **granted**, as follows:

1. The Clerk of Court is directed to file **<u>under seal</u>** Defendants' Motion for Summary Judgment, Statement of Facts, and accompanying exhibits (currently lodged at Doc. 142, including attachments).[3]

2. Within **fifteen (15) days** of the date this Order is filed, Defendants shall publicly file redacted versions of the Motion for Summary Judgment, Statement of Facts, and accompanying exhibits.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Strike (Docs. 145, 148) are **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time to File Response to Defendants' Lodged Motion for Summary Judgment (Doc. 154) is **granted**. Plaintiff must file a response to Defendants' Motion for Summary Judgment, together with supporting affidavits or other appropriate exhibits and a separate Statement of Facts, within **thirty (30) days** of the date this Order is filed.

**IT IS FURTHER ORDERED** that Defendants may file a reply within **fifteen (15) days** after service of Plaintiff's response.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

---

[3] The Motion for Summary Judgment lodged at Doc. 144 is identical to that lodged at Doc. 142.

1   **IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment
2   will be deemed ready for decision without oral argument on the day following the date
3   set for filing a reply unless otherwise ordered by the Court.
4   Dated this 27th day of July, 2023.

Honorable Rosemary Márquez
United States District Judge